UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TROY LYNN ROBERTS,

    Plaintiff,

v.                                      Case No. 3:16cv68-MCR-CJK

ERIK SORMRUDE,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the court on defendant Erik Sormrude's motion to dismiss. (Doc. 14).[1] Defendant argues plaintiff's claims are barred by: (1) the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994); and (2) the doctrine of collateral estoppel. Plaintiff responded in opposition. (Doc. 19). The matter is referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). After reviewing the parties' submissions and the relevant law, the undersigned recommends that the motion to dismiss be granted in part and denied in part.

---

[1] The references to document and page numbers will be to those automatically generated by the CM/ECF system.

## BACKGROUND

Plaintiff Troy L. Roberts, proceeding *pro se* and *in forma pauperis*, is an inmate of the Florida penal system currently confined at Bay Correctional Facility. He initiated this action on February 3, 2016, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). The complaint names Erik Sormrude, an investigator with the Walton County Sheriff's Office, as the sole defendant. The complaint sets forth the factual allegations that follow.

In 2014 plaintiff lived in Santa Rosa Beach, Florida. At 9:30 p.m. on November 19, defendant Sormrude and members of the Walton County Sheriff's Office "did the execution of a probable cause search warrant" at plaintiff's residence. After plaintiff was brought outside the residence, Sormrude Mirandized[2] plaintiff and informed him the officers had a warrant to search the residence. Plaintiff "requested to see the warrant but he never seen one." "The warrant was never served" on November 19, "nor is [there] any testimony or other evidence that the application was taken along on the search or that any of the officers performing have a copy of the warrant and the Attachment 'A.' The officers had no document telling them what to take/items to be seized so they took no items that is on the list to have been seized[.]" Because plaintiff "could look at no documents specifying what the officers could take," he lost "the power to limit the search." In addition, plaintiff

---

[2] *See Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

Case No. 3:16cv68-MCR-CJK

claims "affiant Erik Sormrude perjured the affidavit when he incorporated incriminating items that he found in Roberts' residence. The affiant made reckless false statements [and] used after-acquired knowledge that was learned as a result of the search in the case of perjured warrant affidavits[.]"

The November 19 search uncovered evidence that led the state of Florida to charge plaintiff with: (1) trafficking in amphetamine; (2) selling, manufacturing, and/or delivering methamphetamine; and (3) possession of drug paraphernalia. (Doc. 14-1, p. 1-2, 10-33). Plaintiff pleaded nolo contendere to the charges and received a 7-year prison sentence.[3] (*Id.*, p. 3, 5).

Based on the foregoing, plaintiff alleges: (1) he was subjected to an unreasonable search and seizure; (2) defendant falsified the affidavit to obtain the search warrant; and (3) defendant violated "Rule 41(d)'s service requirement, the Warrant Clause, the plaintiff's . . . due process, his privacy interest, the Fourth, Fifth, and the Fourteenth Amendment[s.]" As relief, plaintiff seeks compensatory and punitive damages, as well as "any additional relief this court deems just, proper, and equitable."

---

[3] Plaintiff's nolo contendere plea qualifies as a conviction under Florida law. *See* Fla. Stat. § 960.291(3) ("'Conviction' means a guilty verdict by a jury or judge, or a guilty or nolo contendere plea by a defendant, regardless of adjudication of guilt.").

## LEGAL STANDARD

In considering a motion to dismiss for failure to state a claim, the court reads plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), accepts all factual allegations in the complaint as true, and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). There are a few exceptions to this rule, such as where the facts alleged are internally inconsistent or where they run counter to facts of which the court can take judicial notice. 5B Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1357 (2008). Further, only well-pleaded factual allegations are taken as true and only reasonable inferences are drawn in favor of the plaintiff. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true").[4] Mere "labels and conclusions" are not accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)) (noting courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Ashcroft v. Iqbal*,

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Case No. 3:16cv68-MCR-CJK

556 U.S. 662, 680-81, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (explaining that conclusory allegations are not entitled to a presumption of truth).

As the Supreme Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id.* at 570.

## DISCUSSION

### *Heck v. Humphrey*

The complaint alleges defendant Sormrude conducted an unconstitutional search of plaintiff's residence on November 19. Defendant argues plaintiff's claims are barred under the *Heck* doctrine because proving the factual basis for the claims necessarily implies plaintiff's conviction and sentence are invalid. *See* (Doc. 14, p. 9) ("[A] finding that Defendant, Investigator Sormrude, did not have probable cause

to search Plaintiff's residence for controlled substances, narcotics, and paraphernalia would imply the invalidity of Plaintiff's conviction[s.]"). In *Heck v. Humphrey*, the Supreme Court stated:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. 477, 487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) (footnotes omitted, emphasis in original).

"Because an illegal search or arrest may be followed by a valid conviction, a successful § 1983 action for Fourth Amendment search and seizure violations does not necessarily imply the invalidity of a conviction. As a result, *Heck* does not generally bar such claims." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citations and footnotes omitted); *see also Heck*, 512 U.S. at 487 n.7 ("For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's

conviction was unlawful.") (citations omitted, emphasis in original). Not all Fourth Amendment claims fit this exception; "the court must look both to the claims raised under § 1983 and to the specific offenses for which the § 1983 claimant was convicted." *Hughes*, 350 F.3d at 1160 n.2.

Plaintiff, for his part, claims he is not challenging the validity of his convictions, and *Heck* does not preclude him from seeking damages for an allegedly unconstitutional search. (Doc. 19, p. 1). Plaintiff argues his claims are not *Heck*-barred based on the Supreme Court's decision in *Haring v. Prosise*, 462 U.S. 306, 103 S. Ct. 2368, 76 L. Ed. 2d 595 (1983).

In *Haring*, the Supreme Court considered "whether Prosise's § 1983 action to redress an alleged Fourth Amendment violation is barred by the judgment of conviction entered in state court following his guilty plea." *Haring*, 462 U.S. at 312 (footnotes omitted). Applying the full faith and credit statute, 28 U.S.C. § 1738, and Virginia law concerning collateral estoppel, the Court concluded Prosise's "conviction in state court does not preclude him from now seeking to recover damages under 42 U.S.C. § 1983 for an alleged Fourth Amendment violation that was never considered in the state proceedings." *Id.* at 314-23; *see also Webb v. Ethridge*, 849 F.2d 546, 549 (11th Cir. 1988) ("Because the federal full faith and credit statute, 28 U.S.C. § 1738, requires federal courts to give preclusive effect to a state-court judgment whenever the courts of the state from which the judgment

emerged would do so, we must look to the operation of the state's law of collateral estoppel.") (*citing Allen*, 449 U.S. at 96). The Court stated: "[W]hen a defendant is convicted pursuant to his guilty plea rather than a trial, the validity of that conviction cannot be affected by an alleged Fourth Amendment violation because the conviction does not rest in any way on evidence that may have been improperly seized." *Haring*, 462 U.S. at 321.

Based on the foregoing, defendant has not shown plaintiff's Fourth Amendment claim is barred by *Heck*. The complaint and motion to dismiss do not establish that plaintiff's allegations necessarily imply the invalidity of his convictions. *See Nelson v. Campbell*, 541 U.S. 637, 647, 124 S. Ct. 2117, 158 L. Ed. 2d 924 (2004) ("[W]e were careful in *Heck* to stress the importance of the term 'necessarily.' For instance, we acknowledged that an inmate could bring a challenge to the lawfulness of a search pursuant to § 1983 in the first instance, even if the search revealed evidence used to convict the inmate at trial, because success on the merits would not '*necessarily* imply that the plaintiff's conviction was unlawful.'") (*quoting Heck*, 512 U.S. at 487 n.7). If plaintiff ultimately proved defendant's November 19 search was unconstitutional in some respect, that would not demonstrate that plaintiff's nolo contendere plea was invalid. *Cf. Haring*, 462 U.S. at 316 ("[A] determination that the county police officers engaged in no illegal police conduct would not have been essential to the trial court's acceptance of Prosise's

guilty plea. Indeed, a determination that the search of Prosise's apartment was illegal would have been entirely irrelevant in the context of the guilty plea proceeding. Neither state nor federal law requires that a guilty plea in state court be supported by legally admissible evidence where the accused's valid waiver of his right to stand trial is accompanied by a confession of guilt."). At least at this stage of the litigation, plaintiff's Fourth Amendment claim should be allowed to proceed. *See Johnson v. Fla. Dep't of Law Enf't*, 264 F. App'x 785, 786 (11th Cir. 2008) (vacating district court's dismissal of prisoner's civil rights complaint, noting "[a]t this juncture . . . we cannot say that *Heck* bars appellant's claim" because "[t]he record does not tell us whether appellant's constitutional claim necessarily implies the invalidity of his conviction").

To recover compensatory damages, however, *Heck* requires "the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, . . . which . . . does *not* encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." *Heck*, 512 U.S. at 487 n.7 (internal citation omitted). Defendant correctly notes "Plaintiff has failed to allege that Defendant's unlawful search and seizure caused him actual, compensable injury besides the 'injury' of being convicted and imprisoned[.]" (Doc. 14, p. 5). Because the complaint does not allege defendant's actions caused plaintiff

any actual injury, the claim for compensatory and punitive damages should be dismissed.

Plaintiff also requested "any additional relief this court deems just, proper, and equitable." (Doc. 1, p. 7). The Eleventh Circuit has interpreted similar language as a request for nominal damages. *See Boxer X v. Donald*, 169 F. App'x 555, 559 (11th Cir. 2006) (concluding prisoner "did seek nominal damages when his complaint requested compensatory damages and 'any other relief the court deem[s] appropriate'"); *see also Hale v. Sec'y for Dep't of Corr.*, 345 F. App'x 489, 492 (11th Cir. 2009) ("The district court erred when it found [the prisoner-plaintiff] was not seeking nominal damages because it failed to construe his *pro se* pleadings liberally."). "Nominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages." *Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003) (*citing Carey v. Piphus*, 435 U.S. 247, 255, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978)). "Nominal damages are available for Fourth Amendment violations." *Id.* (*citing Slicker v. Jackson*, 215 F.3d 1225, 1227 (11th Cir. 2000)). Thus, although plaintiff cannot seek compensatory or punitive damages, he may seek nominal damages of $1.00. *See Whitfield v. Thompson*, 165 F. Supp. 3d 1227, 1238 n.4 (S.D. Fla. 2016) (noting "nominal damages do not generally exceed one dollar").

Collateral Estoppel

Defendant next claims "[p]laintiff, a Florida prisoner, is estopped from seeking affirmative relief in a subsequent civil action when he has already been adjudicated guilty pursuant to a plea of nolo contendere in a state criminal action based on the same conduct that gave rise to the prior prosecution." (Doc. 14, p. 6).

"Section 28 U.S.C. § 1738 generally requires 'federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so.'" *Haring*, 462 U.S. at 313 (*quoting Allen v. McCurry*, 449 U.S. 90, 96, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980)). Under Florida law, the doctrine of collateral estoppel "bars relitigation of an issue when the following five factors are met: '(1) an identical issue must have been presented in the prior proceeding; (2) the issue must have been a critical and necessary part of the prior determination; (3) there must have been a full and fair opportunity to litigate that issue; (4) the parties in the two proceedings must be identical; and (5) the issue must have been actually litigated.'" *Felder v. State, Dep't of Mgmt. Servs., Div. of Ret.*, 993 So.2d 1031, 1034-35 (Fla. 1st DCA 2008) (*quoting Goodman v. Aldrich & Ramsey Enters., Inc.*, 804 So.2d 544, 546-47 (Fla. 2d DCA 2002)). In *Zeidwig v. Ward*, 548 So. 2d 209 (Fla. 1989), the Florida Supreme Court allowed "defensive uses of collateral estoppel in criminal-to-civil contexts without mutuality of parties[.]" *Vazquez v. Metro. Dade Cty.*, 968 F.2d 1101, 1106 (11th Cir. 1992); *see*

*also Hadley v. Gutierrez*, 526 F.3d 1324, 1332 (11th Cir. 2008) ("Florida permits the use of defensive collateral estoppel in the criminal-to-civil context.").

Although defendant correctly notes plaintiff "had an opportunity to litigate the constitutionality of Defendant Sormrude's search of Plaintiff's residence[,]" (doc. 14, p. 9), under Florida law, collateral estoppel applies only if an issue was actually litigated in a previous action. Here, neither party claims the constitutionality of the November 19 search was litigated in a motion to suppress before plaintiff entered a nolo contendere plea. Because the record does not indicate plaintiff litigated his Fourth Amendment claim in state court, the doctrine of collateral estoppel does not apply. *See Hadley*, 526 F.3d at 1332 ("[C]ollateral estoppel does not apply where one of the issues forming the basis of the civil lawsuit was not necessarily resolved in the prior criminal proceeding."); *Starr Tyme, Inc. v. Cohen*, 659 So.2d 1064, 1068 (Fla. 1995) ("However, the defendant is estopped only as to matters that necessarily were decided in favor of the State in the prior proceeding."); *see also Haring*, 462 U.S. at 316 ("The only question raised by the criminal indictment and determined by Prosise's guilty plea . . . was whether Prosise unlawfully engaged in the manufacture of a controlled substance. This question is simply irrelevant to the legality of the search under the Fourth Amendment or to Prosise's right to compensation from state officials under § 1983.").

Accordingly, it is respectfully RECOMMENDED:

That defendant Sormrude's Motion to Dismiss (doc. 14) be GRANTED IN PART and DENIED IN PART.  Plaintiff's claims for compensatory and punitive damages are DISMISSED.

At Pensacola, Florida, this 1st day of March, 2017.


*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.